IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIMINAL NO. 3:09-CR-14 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | RESPONSE IN OPPOSITION TO |
| DONALD DALE MILLER, | ) | DEFENDANT'S MOTION TO DISMISS |
| | ) | SECOND SUPERSEDING INDICTMENT |
| Defendant. | ) | |

COMES NOW the Plaintiff, United States of America, by and through its undersigned counsel, and files its response in opposition to the defendant's Motion to Dismiss Second Superseding Indictment.

1. **<u>The defendant's argument.</u>** In a nutshell, Mr. Miller's counsel asks this Court to reconsider its denial of his motion to dismiss the case for lack of venue and jurisdiction because there is no legal place where his client was required to file tax returns for the years in question. *See* Doc. 24, June 2, 2009 (Motion To Dismiss Pursuant To Lack Of Venue). The argument goes that because IRS District Offices, where taxpayers once were required to file their returns, were eliminated, there is no longer any place where returns must be filed, therefore Mr. Miller had no obligation to file returns or pay taxes that might be reflected in those returns.

2. **<u>The government's response.</u>** The Defendant's motion is essentially a successive motion to dismiss the charges against him, this time under the second superseding indictment, based on essentially the same type of arguments made in the Motion To Dismiss Indictment Pursuant To Lack Of Venue, which was denied on June 25, 2009 (Doc. 36). In its order,

this Court rejected the Defendant's arguments, holding that venue is appropriate in this District. It still is.

Neither the facts nor the law upon which this Court's decision was based have changed since it last visited this issue at Mr. Miller's request. The government sees no need to file an extensive reply, other than relying on its prior response and this Court's prior order. A district court is free to depart from an earlier, non-final ruling in a case, based on new case law, if it is convinced adherence to its earlier ruling is "clearly erroneous and would work a manifest injustice." *O'Daniel v. Stroud NA,* 607 F.Supp.2d 1065, 1067 (D. S.D. 2009). In this case, however, there is no intervening change in the facts, law or arguments that calls into question the correctness of this Court's prior decision. The only cases the government can find addressing this argument unequivocally rejected it. *United States v. Dirr*, Slip Copy, 2009 WL 2986706 (E.D. Tenn. September 10, 2009); *United States v. Barry,* Slip Copy, 2009 WL 1767581 (M.D. Fla. June 22, 2009).[1] The United States is willing and able to file a more detailed response, if it would be of benefit to the Court.

---

[1] The fact Mr. Miller could have filed his returns elsewhere does not deprive this Court of venue when the acts he committed occurred in the Southern District of Iowa. *United States v. Root*, 585 F.3d 145 (3d Cir. 2009).

3. **Conclusion.** Mr. Miller seeks a second bite of the apple because he was not satisfied with the first, and not because there was anything wrong with it. The result must be the same. The Defendant's motion should be denied.

> Respectfully submitted,
>
> Nicholas A. Klinefeldt
> United States Attorney
>
> By: /s/ *Craig Peyton Gaumer*
> Craig Peyton Gaumer
> Assistant United States Attorney
> U.S. Courthouse Annex, Suite 286
> 110 E. Court Avenue
> Des Moines, Iowa 50309
> Tel: (515) 473-9300
> Fax: (515) 473-9292
> Email: craig.gaumer@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record.

    Jerold W. Barringer

    UNITED STATES ATTORNEY
By:   /s/ *J. Beane*